Slip Op. 03 - 11

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

_____

|  |  |
|---|---|
| PRINCESS CRUISES, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :  **Before: MUSGRAVE, JUDGE** |
| | : |
| THE UNITED STATES, | :  Consol. Court No. 94-06-00352 |
| | :               (98-03-00463) |
| Defendant. | : |

_____

[As instructed by the Court in *Princess Cruises, Inc. v. United States*, 26 CIT __, __, 217 F. Supp. 2d 1361, 1369 (2002), the parties submitted a Joint Status Report on November 12, 2002, stipulating the amount of the refund Plaintiff was entitled to receive pursuant to the Court's August 29, 2002, Opinion. Defendant subsequently moved to withdraw from the stipulation after discovering that the stipulation allegedly overstated Plaintiff's recovery by $73,501.00. Plaintiff opposed Defendant's motion on the ground that Defendant allegedly conceded in an earlier brief that Plaintiff was entitled to recover this amount. **Held:** Defendant's motion to withdraw is granted and amount of the refund Princess is entitled to under subpart (a) of the stipulation is reduced from $389,595.00 to $316,094.00 plus interest accruing from June 17, 1994.]

Decided: January 28, 2003

*Gibson, Dunn & Crutcher LLP* (*Judith A. Lee* and *Brian J. Rohal*) for Plaintiff.

*Robert D. McCallum, Jr.*, Assistant Attorney General, *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Todd Hughes*), and *Richard McManus*, Office of Chief Counsel, United States Customs Service, of counsel, for Defendant.

## OPINION

In the Court's August 29, 2002, Opinion the parties were instructed to confer and attempt to

reach a stipulation on the amount of a final judgment in this action. *See Princess Cruises, Inc. v.*

*United States*, 26 CIT __, __, 217 F. Supp. 2d 1361, 1369 (2002). On November 12, 2002, the parties submitted a Joint Status Report stipulating that Plaintiff Princess Cruise Lines, Inc. ("Princess") was entitled to "the total of (a) $389,595.00 plus interest accruing from June 17, 1994; and (b) $356,375.00 plus interest accruing from February 26, 1998." On November 21, 2002, Defendant the United States Customs Service ("Customs") filed a motion to withdraw its stipulation to the amount contained in subpart (a), *i.e.* $389,595.00 plus interest accruing from June 17, 1994, on the ground that it "fails to reflect certain reductions . . . already taken by Princess and is, therefore, overstated by $73,501.00."[1] Defendant's Motion to Withdraw Stipulation at 2.

### *Discussion*

Customs alleges that this error resulted from a chart that Princess presented to Customs along with its proposed stipulation. The chart indicates that in March 1994 Princess paid HMT principal in the amount of $259,560.00 for years 1991 and prior, $111,253.00 for 1992, and $18,782.00 for January 1993. *See id.* at Ex. 1, p.1 ("Refund Chart"). The chart also indicates that the source for these figures was "Attachment A to Princess Cruises Letter and Payment of 3/4/94." *Id.* The letter that Princess sent to Customs on March 8, 1994, and Attachment A to that letter are also included as exhibits to Customs' motion to withdraw from the stipulation.[2]

---

[1] Customs would now stipulate that Princess is entitled to receive "the total of (a) $316,094.00 plus interest accruing from June 17, 1994; and (b) $356,375.00 plus interest accruing from February 26, 1998." Defendant's Motion to Withdraw Stipulation at 5.

[2] The Court notes the discrepancy between the reference on the Refund Chart to a "Letter and Payment of 3/4/94" and the "8 March, 1994" date on the actual letter and assumes that reference on the Refund Chart is inaccurate.

Review of Attachment A reveals that Customs is correct in its belated discovery that the HMT principal remitted by Princess in March 1994 was reduced by $73,501.00 for the periods at issue in the present litigation. Nevertheless, Princess opposes Customs' motion to withdraw on the basis that Customs "previously conceded over a year ago [in its October 30, 2001, reply brief] that these same charges should be refunded to Princess Cruises . . . . citing to the same line of the same letter as evidence of the amount it conceded it *owed* to Princess Cruises." Plaintiff's Opposition to Defendant's Motion to Withdraw at 3 (emphasis in the original).

Princess misunderstands Customs' concession.[3] Princess deducted amounts attributable to travel agent commissions for land-based services from its March 1994 payment to Customs. Customs subsequently billed Princess for some or all of these deductions on October 8, 1997. Princess paid these amounts and challenged the bills in its motion for summary judgment and Customs conceded in its October 31, 2001, reply brief that the travel agent commissions for land-based services should not have been included in the October 8, 1997, bills. Therefore, the refund of these amounts should be included, and the Court assumes that it was included, in the calculation

---

[3] In its October 30, 2001, reply brief Customs addressed allegations that were made on page seven of Princess's August 31, 2001, Response to Defendant's Cross-Motion for Summary Judgment and Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment ("Pl.'s Reply Brief"). These allegations, and Customs' subsequent concession, concerned errors in three bills from Customs all dated October 8, 1997, for interest and underpaid principal HMT amounts. *See* Pl.'s Reply Br. at 7 (referencing Letter from Princess Cruises to Customs of Dec. 2, 1997, Pl.'s Statement of Material Facts Not in Dispute, Ex. 14, at 1). Princess's December 2, 1997, letter states that "in tendering the HMF principal amounts to the Customs Service in March 1994, Princess Cruises deducted amounts for the appropriate portions of travel agent commissions," but complains that Customs' September 4, 1997, letter, which included an attachment showing its calculations for the amounts billed on October 8, 1997, "did not include any deductions from harbor maintenance fee liability for 1992 and 1993" and made "an unexplained adjustment to th[e] offset" for the period 1991 and prior. Letter from Princess Cruises to Customs of Dec. 2, 1997, at 3-4.

of subpart (b) of the parties' stipulation, *i.e.* the $356,375.00 plus interest accruing from February 26, 1998, and the amount refunded under subpart (a) should be reduced by $73,501.00.

### *Conclusion*

For the foregoing reasons, Customs' motion to withdraw from its stipulation in the November 12, 2002, Joint Status Report is granted and the amount of the refund Princess is entitled to under subpart (a) is reduced from $389,595.00 to $316,094.00 plus interest accruing from June 17, 1994.

_____
R. KENTON MUSGRAVE, JUDGE

Dated: January 28, 2003
      New York, New York